UNITED STATES DISTRICT COURT  JS-6
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES -- GENERAL

Case No.    **CV 09-7054-JFW (VBKx)**                             Date:  September 29, 2009

Title:        Vincent Tam Nguyen, et al. -v- BrooksAmerica, et al.

**PRESENT:**

　　　　HONORABLE JOHN F. WALTER, UNITED STATES DISTRICT JUDGE

　　**Shannon Reilly**                                         **None Present**
　　**Courtroom Deputy**                                  **Court Reporter**


**ATTORNEYS PRESENT FOR PLAINTIFFS:**       **ATTORNEYS PRESENT FOR DEFENDANTS:**
　　　　　　None                                                                     None

**PROCEEDINGS (IN CHAMBERS):**     **ORDER DISMISSING ACTION FOR LACK OF SUBJECT MATTER JURISDICTION**

　　On September 29, 2009, Plaintiffs Vincent Tam Nguyen and Francesca U. Nguyen ("Plaintiffs") filed a Complaint in this Court against Defendants BrooksAmerica, Wells Fargo Home Mortgage, America's Servicing Company, NDEX West LLC, CT Corp Systems, Wilshire Credit Corporation, Mortgage Electronic Registration Systems, Inc. and LSI (collectively "Defendants")  In their Complaint, Plaintiffs do not allege any federal claims for relief, and allege that this Court has subject matter jurisdiction "because all parties reside or do business in different states." Complaint, p. 2, ll. 2-3.

　　Plaintiffs have not adequately alleged the facts essential for the subject matter jurisdiction of this Court.  *Tosco Corp. v. Communities for a Better Environment*, 236 F.3d 495, 499 (9th Cir. 2001) (quoting *Smith v. McCullough*, 270 U.S. 456, 459 (1926)) ("'A plaintiff suing in a federal court must show in his pleading, affirmatively and distinctly, the existence of whatever is essential to federal jurisdiction . . . .'").  Diversity jurisdiction founded under 28 U.S.C. § 1332(a) requires that (1) all plaintiffs be of different citizenship than all defendants, and (2) the amount in controversy exceed $75,000.  *See* 28 U.S.C. § 1332.  Plaintiffs have failed to specifically allege the citizenship of any of the parties, failed to specifically allege the places of incorporation and principal places of business of the corporate defendants, and failed to allege the citizenship each member of the LLC defendant.  *See Mantin v. Broadcast Music, Inc.*, 244 F.2d 204, 206 (9th Cir. 1957) ("Residence and citizenship are not the same thing."); *Tosco*, 236 F.3d at 499 (quoting 28 U.S.C. § 1332(c)(1))("In determining whether there is diversity between corporate parties, 'a corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business.'"); *Johnson v. Columbia Properties Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006) ("[L]ike a partnership, an LLC is a citizen of every state of which its owners/members are citizens.").

Moreover, it appears from the face of the Complaint that the parties are not completely diverse.  *See* Complaint ¶ 1 ("Plaintiffs are individuals residing in the County of Orange, State of California."); ¶ 3 ("Defendant BROOKSAMERICA (hereafter BROOKS), is a mortgage company formerly located at 6 Hutton Centre Dr. Ste 1020, Santa Ana, CA 92707 . . . ."); ¶ 7 ("Defendant CT CORP SYSTEMS, (hereafter CT CORP), is a limited liability company located at 818 W. 7th St., #200, Los Angeles, CA 90017 . . . ."); ¶ 10 (Defendant LSI . . . is a corporation located at 17911 Von Karman Ave., Suite 300, Irvine CA 92614 . . . .").

Accordingly, Plaintiffs' Complaint is hereby **DISMISSED without prejudice** for lack of subject matter jurisdiction.  *See, e.g.*, Fed. R. Civ. P. 12(h)(3); *Snell v. Cleveland, Inc.*, 316 F.3d 822, 826 (9th Cir. 2002) ("a court may raise the question of subject matter jurisdiction, *sua sponte*, at any time during the pendency of the action, even on appeal"). Plaintiffs' Ex Parte Application for Temporary Restraining Order, and Order to Show Cause Re: Preliminary Injunction is **DENIED as moot.**

IT IS SO ORDERED.